# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

TROY LEE MULLNER,

    Petitioner

v.

BRIAN WILLIAMS, et al.,

    Respondents

Case No.: 2:20-cv-00535-JAD-BNW

**Order Granting Motion
to Appoint Counsel and Directing
Service of Habeas Petition**

[ECF Nos. 1-1; 1-3]

    Petitioner Troy Lee Mullner has submitted a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 and has now paid the filing fee.[1] I have reviewed the petition as required by Habeas Rule 4 and direct that it be docketed and served on respondents.

    A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim.[2] If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

    Petitioner also moves for court-appointed counsel.[3] There is no constitutional right to appointed counsel for a federal habeas corpus proceeding.[4] The decision to appoint counsel is

---

[1] ECF Nos. 1-1, 7.

[2] *See* 28 U.S.C. §2254(b) (successive petitions).

[3] ECF No. 1-3.

[4] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993).

generally discretionary.[5]  However, counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is a person of such limited education as to be incapable of fairly presenting his claims.[6]  Here, Mullner is serving a lengthy sentence, and it is unclear whether some of the legal issues he wishes to raise are complex.  Therefore, to ensure due process, I grant Mullner's motion for counsel.

I THEREFORE ORDER that the Clerk **file and ELECTRONICALLY SERVE** the petition (ECF No. 1-1) on respondents.

I FURTHER ORDER that the Clerk add Aaron D. Ford, Nevada Attorney General, as counsel for respondents.

I FURTHER ORDER that the Clerk **detach and file** petitioner's motion for appointment of counsel (ECF No. 1-3).

I FURTHER ORDER that petitioner's motion for appointment of counsel **(ECF No. 1-3) is GRANTED**.

I FURTHER ORDER that the Federal Public Defender for the District of Nevada (FPD) is appointed to represent petitioner.

I FURTHER ORDER that the Clerk **ELECTRONICALLY SERVE** the FPD a copy of this order, together with a copy of the petition for writ of habeas corpus (ECF No. 1-1).  The FPD has 30 days from the date of entry of this order to file a notice of appearance or to indicate to the court its inability to represent petitioner in these proceedings.  Once counsel has appeared

---

[5] *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert. denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984).

[6] *See Chaney*, 801 F.2d at 1196; *see also Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970).

for petitioner in this case, the court will issue a scheduling order that will, among other things, set a deadline for the filing of an amended petition.

Dated: June 11, 2020

_____
U.S. District Judge Jennifer A. Dorsey