**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Troy Lee Mullner, | Case No.: 2:20-cv-00535-JAD-BNW |
|     Petitioner | |
| v. | **Order Granting Equitable Tolling** |
| Brian Williams, et al., | [ECF Nos. 14, 15, 16, 17, 20] |
|     Respondents | |

Federal habeas petitioner Troy Lee Mullner moves for equitable tolling due to COVID-19.[1] Because I conclude that the extraordinary circumstances of the COVID-19 pandemic warrant equitable tolling, I grant the motion.

**Discussion**

Mullner pled guilty in state district court to several counts of robbery and burglary.[2] Under 28 U.S.C. § 2244(d)(1)(A), Mullner had one year from the date his judgment of conviction became final to file a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The judgment became final when the time expired to petition the Supreme Court of the United States for a writ of certiorari.[3] The Nevada Supreme Court affirmed his convictions on December 7, 2017. Mullner's judgment of conviction became final on March 7, 2018.[4]

---

[1] ECF No. 14.

[2] ECF No. 5 at 2.

[3] *Jimenez v. Quarterman*, 555 U.S. 113, 119–20 (2009). *See also* Sup. Ct. R. 13(1).

[4] ECF No. 14 at 4.

The time spent on a properly filed state post-conviction habeas corpus petition does not count toward the one-year limit.[5]  Mullner filed a state post-conviction habeas corpus petition on July 24, 2018.[6]  That petition thus tolled the one-year limit immediately upon its start.  The state district court denied the petition and Mullner appealed.  The Nevada Court of Appeals affirmed on January 14, 2020, and issued remittitur on February 10, 2020.[7]  Statutory tolling ended, and the one-year limit resumed running the next day.

I granted Mullner's motion for appointment of counsel in this federal habeas matter and appointed the Federal Public Defender (FPD) on June 11, 2020.[8]  The deadline for the amended petition originally was October 19, 2020.  The FPD informs the court that Mullner's limitation period under § 2244(d)(1) would have expired on September 24, 2020.[9]  The FPD asks for 105 days of prospective equitable tolling from June 11, 2020, to September 24, 2020, which the FPD represents would make a petition filed by January 7, 2021, timely.[10]

Equitable tolling can be available to save an untimely petition.[11]  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows' (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."[12]  Prospective equitable tolling is a departure from the usual practice of the court and counsel for

---

[5] 28 U.S.C. § 2244(d)(2).
[6] *Id*.
[7] *Id*.
[8] ECF No. 8.
[9] ECF No. 14 at 2.
[10] *Id*.
[11] *Holland v. Florida*, 560 U.S. 631, 645 (2010).
[12] *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

petitioners. The court has been reluctant to give prospective equitable tolling for unknown claims in an unseen petition. By its nature, equitable tolling is a retrospective equitable remedy in those extraordinary circumstances when application of the statute of limitations would lead to an unfair result. When faced with a short deadline, the usual practice of the FPD is to quickly file a timely amended petition, effectively a rough draft based upon a brief initial investigation, to which later amended petitions can relate back. Counsel also usually asks for leave to further amend the petition after a full investigation.

As this court has stated recently with respect to other state inmates attempting to litigate their federal habeas actions in these unprecedented times, I have little doubt here that Mullner, represented by the FPD, is pursuing his rights diligently. The problem continues to be the COVID-19 pandemic. Visits to prison are restricted to keep the disease from spreading. Counsel faces myriad obstacles including limitation of travel for investigation, and the challenge of face-to-face witness interviews on potentially sensitive issues while maintaining social distance. Counsel for Mullner and for respondents are largely working from home, as are their colleagues. The court has received many requests for extension of time due to the technical difficulties of setting up secure remote connections to work computers and because home office arrangements might not be as efficient as those at work. Some people have children who are distance-learning full or part-time, and therefore, parents have suddenly and unexpectedly become teachers, in addition to their normal work duties. In short, the COVID-19 pandemic is an extraordinary circumstance that is complicating parties' abilities to meet deadlines established both by rules and by statutes.

In the past, the Ninth Circuit has allowed prospective equitable tolling, at least in capital habeas corpus cases.[13] However, the Ninth Circuit recently has ruled that equitable tolling does not act as stop-clock tolling the way that 28 U.S.C. § 2244(d)(2) does.[14] If an extraordinary circumstance has prevented a petitioner from timely filing a habeas corpus petition, then the petitioner must be reasonably diligent in filing the petition once the extraordinary circumstance dissipates.[15]

If travel restrictions were not in place, if counsel for Mullner and counsel for respondents did not need to work from home under less-than-optimal conditions, then the court likely would hold that *Smith* implicitly eliminated prospective equitable tolling. If a court cannot use stop-clock equitable tolling for an untimely petition, then it necessarily follows that a court cannot use stop-clock prospective equitable tolling. But these problems have stretched now to more than seven months. Currently, the State of Nevada is experiencing a serious surge in COVID-19 cases and recently reached 100,000 total cases since the onset of the pandemic.[16] Restrictions have varied and have been loosened and then re-tightened. The extraordinary circumstance of the COVID-19 pandemic is ongoing, and the court agrees that it prevents Mullner from filing a timely amended petition. This is because if the court were to deny prospective equitable tolling but give Mullner additional time to file an amended petition because of the challenges he faces, then the court can say with certainty that it would find equitable tolling to be warranted once he

---

[13] *Calderon v. U.S. District Court (Beeler)*, 128 F.3d 1283, 1289 (9th Cir. 1997), *overruled on other grounds by Calderon v. U.S. District Court (Kelly)*, 163 F.3d 530 (9th Cir. 1998); *accord, Hargrove v. Brigano*, 300 F.3d 717 (6th Cir. 2002).

[14] *Smith v. Davis*, 953 F.3d 582 (9th Cir. 2020) (en banc).

[15] *Id*.

[16] https://www.rgj.com/story/news/2020/10/31/covid-19-nevada-surpasses-100-000-cases/6103326002/.

4

files the amended petition. Thus, the court will simply grant equitable tolling now. The amended petition is due by January 7, 2021.

IT IS THEREFORE ORDERED that **petitioner's motion for prospective equitable tolling due to COVID-19 [ECF No. 14] is GRANTED**. The one-year period of limitation under 28 U.S.C. § 2244(d)(1) will expire at the end of January 7, 2021. The amended petition for a writ of habeas corpus is due also on January 7, 2021.

IT IS FURTHER ORDERED that **respondents' 3 motions for extension of time to respond to the motion [ECF Nos. 15, 16, and 17] are all GRANTED** *nunc pro tunc.*

IT IS FURTHER ORDERED that **petitioner's motion for extension of time to file an amended petition [ECF No. 20] is DENIED** as moot.

Dated: November 2, 2020

_____
U.S. District Judge Jennifer A. Dorsey