# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Troy Lee Mullner,

    Petitioner

v.

Johnson, et al.,

    Respondents

Case No.: 2:20-cv-00535-JAD-BNW

**Order Denying Motion to Dismiss**

[ECF No. 61]

    In Troy Lee Mullner's petition for a writ of habeas corpus under 28 U.S.C. § 2254, he challenges his Nevada state-court conviction following his guilty plea to numerous counts including robbery with use of a deadly weapon.[1] He asserts that his lengthy sentence is cruel and unusual and that his plea counsel rendered ineffective assistance. Respondents move to dismiss most of Mullner's claims as untimely, unexhausted, procedurally barred, or noncognizable.[2] Because I find that the claims relate back to a timely-filed petition and that grounds 1 and 3 are exhausted, I deny the motion and defer until merits review a decision on whether ground 2A is procedurally defaulted.

## Background

    In 2012, Troy Lee Mullner, dubbed by the media as "the Mustache Bandit," was arrested for a string of robberies over a three-month period in Las Vegas.[3] Mullner was originally charged with 49 felonies including burglary, first-degree kidnapping, attempted robbery, and

---

[1] ECF No. 46.

[2] ECF No. 61.

[3] Exhibit (Exh.) 7, ECF No. 23-7 at 6.

robbery with a deadly weapon.[4] While robbing various Las Vegas businesses,[5] he also took the personal property of employees and customers in the stores, using the threat of violence and a gun (or objects made to look like a gun) to gain their compliance.[6] Mullner pled guilty to ten of those felony counts, including charges for burglary, robbery, attempted robbery, illegal possession of a firearm, coercion, burglary with a deadly weapon, and robbery with a deadly weapon.[7]

The state district court determined that Mullner qualified as a habitual criminal and sentenced him to what amounts to 31 years to life.[8] Judgment of conviction was filed in January 2014, and an amended judgment of conviction was filed on February 5, 2014.[9] The Nevada Supreme Court affirmed his conviction, and the Nevada Court of Appeals affirmed the denial of his state postconviction petition.[10]

Mullner dispatched his federal petition in March 2020.[11] I granted his motion for appointment of counsel, and the Federal Public Defender (FPD) took his case.[12] I also granted Mullner leave to file a first-amended petition with the assistance of his new counsel.[13] And I

---

[4] Exh. 2, ECF No. 23-2.

[5] According to Mullner's superseding indictment, he focused primarily on various Radio Shack and Subway stores in the Las Vegas Valley, with the occasional Little Caesars and Port of Subs franchise thrown in. *See id.*

[6] Exh. 7, ECF No. 23-7.

[7] Exh. 5, ECF No. 23-5.

[8] Exh. 8, ECF No. 23-8.

[9] Exh. 9, ECF No. 23-9; Exh. 10, ECF No. 23-10.

[10] Exh. 19, ECF No. 23-19; Exh. 27, ECF No. 23-27.

[11] ECF No. 9.

[12] ECF No. 8.

[13] ECF No. 12.

granted his motion for prospective equitable tolling to file that amended petition due to the COVID-19 pandemic, setting his tolling deadline for January 7, 2021.[14]  Mullner filed his first-amended petition on that date.[15]  On the same day, he filed a motion for leave to file a second-amended petition, asserting that his counsel was "unable to conduct a full investigation" during the tolling period and sought to add an ineffective-assistance-of-trial-counsel claim based on the failure to investigate Mullner's mental health for mitigation purposes at sentencing.[16]  I granted that unopposed motion, and Mullner filed his second-amended petition on November 6, 2023.[17]

Mullner now asserts three grounds for relief, one of which is divided into subparts:

> Ground 1: Mullner's sentence violates his Eighth and Fourteenth Amendment rights to be free from cruel and unusual punishment.
>
> Ground 2: Mullner's counsel was ineffective in violation of his Sixth and Fourteenth Amendment rights:
>
>> Ground 2A: Counsel failed to investigate Mullner's mental health for mitigation evidence at sentencing;
>>
>> Ground 2B: Counsel failed to advise Mullner on the guilty plea agreement.
>
> Ground 3: Cumulative error violated Mullner's Fifth, Sixth, and Fourteenth Amendment rights to due process and a fair trial.[18]

Respondents move to dismiss grounds 2A, 2B, and 3 as untimely, and they argue that grounds 1, 2A, and 3 are unexhausted.[19]

---

[14] ECF No. 21.
[15] ECF No. 22.
[16] ECF No. 26.
[17] ECF No. 46.
[18] *Id.* at 4—13.
[19] ECF No. 61 at 5-16.  Mullner filed a response, and respondents replied.  ECF Nos. 65, 69.

3

**Discussion**

**A.     Mullner's amended petition is deemed timely filed.**

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on the filing of federal habeas corpus petitions.[20] This deadline can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review.[21] "The time during which a properly filed application for state postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [§ 2244(d)]."[22]

Respondents seek to re-litigate my prior finding that Mullner was entitled to 105 days of prospective equitable tolling due to the extraordinary circumstances of the COVID-19 pandemic. They also question the date that the AEDPA deadline expired. Mullner relied on my order granting prospective equitable tolling, and I decline to revisit the issue. So the first-amended petition is deemed timely filed.

**B.     The three challenged grounds relate back to a timely filed pleading.**

Respondents argue that grounds 2A, 2B, and 3 do not relate back to a timely petition.[23] A new claim in an amended petition that is filed after the expiration of AEDPA's one-year limitation period will be timely only if the new claim relates back to a claim in a timely filed pleading because it arises out of the same "conduct, transaction or occurrence" as a claim in the

---

[20] 28 U.S.C. § 2244(d).
[21] 28 U.S.C. § 2244(d)(1)(A).
[22] 28 U.S.C. § 2244(d)(2).
[23] *Id*. at 5–9.

timely pleading.²⁴  The reviewing court looks to "the existence of a common core of operative facts uniting the original and newly asserted claims."²⁵

Respondents' argument is premised on their position that the first-amended petition is untimely,²⁶ an argument I have rejected.  There is no legitimate doubt that these three claims in the second-amended petition relate back to the first-amended petition.²⁷  The new claims clearly arise from the same core of operative facts as the claims in the first-amended petition, so they are timely.²⁸

**C.     Grounds 1 and 3 are exhausted.**

Respondents also argue that grounds 1, 2A, and 3 must be dismissed as unexhausted.²⁹ Because a federal habeas petitioner incarcerated by a state must give the state courts a fair opportunity to act on each of his claims before he presents them in a federal habeas petition, federal courts will not consider a petition for habeas relief until the petitioner has properly exhausted his available state remedies for all claims raised.³⁰  A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings.³¹  To properly exhaust state remedies on each claim, a habeas petitioner must "present the state courts with the same claim he

---

²⁴ *Mayle v. Felix*, 545 U.S. 644, 656 (2005).

²⁵ *Id*. at 659 (cleaned up).

²⁶ ECF No. 61 at 5–9.

²⁷ *Id.* at 9; ECF No. 65 at 8.

²⁸ *See* ECF No. 46 at 4–10, 12-13; ECF No. 22 at 4–9, 11–12.

²⁹ ECF No. 61 at 11–13.

³⁰ *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

³¹ *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

urges upon the federal court."[32] The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion.[33]

### 1. *Mullner raised ground 1 on direct appeal, so it is exhausted.*

Mullner asserts that his sentence is cruel and unusual in violation of his Eighth and Fourteenth Amendment rights.[34] He argues that the trial court relied on stale convictions, including one conviction that occurred when he was a juvenile. He further contends that his sentence was disproportionate to his crimes because no one was physically harmed, he only pretended to have a gun, the monetary impact on each victim was minor, and he immediately took responsibility for his crimes upon arrest.

Respondents concede that certain parts of this claim were exhausted on direct appeal, but they quibble with the exact wording and authority used to raise other parts, arguing that he did not fairly present those portions as a federal cruel-and-unusual-punishment claim to the state court.[35] But Mullner raised a federal cruel-and-unusual-punishment argument in state court,[36] and "as long as the 'ultimate question for disposition' has remained the same in state and federal court, . . . 'variations in the legal theory or factual allegations urged in its support' are entirely

---

[32] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

[33] *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (stating that fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

[34] ECF No. 46 at 4–7.

[35] ECF No. 61 at 11–12 (conceding that Mullner exhausted his claim that his sentence was cruel and unusual because it was disproportionate to Mullner's crimes, but arguing that he didn't raise within that Eighth Amendment claim his arguments that (1) the district court relied on stale or juvenile convictions when applying Nevada's habitual-offender statute, or (2) imposing the habitual-offender enhance for all eight eligible charges violated the Eighth Amendment).

[36] *See* Exh. 18 at 13–20.

legitimate."[37]  I find that Mullner's second-amended petition contains no more than variations in the legal theory or factual allegations urged in support of this claim, so it has been exhausted.

### 2. *Mullner's cumulative-error claim is cognizable and is exhausted.*

Mullner argues that the cumulative effect of the errors he alleges in his second-amended petition denied him due process and a fair trial.[38]  Respondents argue that this claim is unexhausted because, while Mullner raised cumulative-error claims on direct appeal and in his state postconviction proceedings, Mullner never raised this exact group of cumulative errors in any one proceeding.[39]  But Mullner did raise cumulative error, and he did so for most of the same claims that are raised here, albeit split between his direct appeal and his postconviction petition—an unavoidable split, since Mullner couldn't raise his ineffective-assistance-of-counsel claims in his appeal.  So, to the extent that his underlying claims have been exhausted, so too has his cumulative-error claim.[40]

Respondents also contend that cumulative-error claims are noncognizable on federal habeas review, citing decisions from other circuits.[41]  It acknowledges that the Ninth Circuit

---

[37] *Robinson v. Schriro*, 595 F.3d 1086, 1102 n.14 (9th Cir. 2010) (quoting *Picard v. Connor*, 404 U.S. 270, 277 (1971)).

[38] ECF No. 46 at 13.

[39] ECF No. 61 at 12–13; *see also* ECF No. 23-16 at 21 (arguing on direct appeal that state court's use of stale prior convictions to apply a habitual-criminal sentence, plus his unconstitutionally disproportionate sentencing, resulted in cumulative error); ECF No. 23-22 at 26 (arguing in postconviction petition that his claims for ineffective assistance of trial and appellate counsel amounted to cumulative error).

[40] I acknowledge that ground 2A wasn't raised in state court.  But Mullner contends that it is technically exhausted and procedurally defaulted.  Because I defer my consideration of his procedural-default argument until merits review, *see infra* at p. 9–10, I don't consider whether that claim should be considered in any cumulative-error analysis at this time.  If necessary, I will address that issue on merits review, too.

[41] *Id.* at 15–16 (citing opinions from the Sixth, Fourth, Eighth, and Tenth Circuits holding that cumulative-error claims are noncognizable).

7

Court of Appeals has recognized cumulative-error habeas claims but contends that the circuit split means that "whether the cumulative effect of errors is cognizable under . . . AEPDA is not 'clearly established.'"[42] The Supreme Court has not resolved that split, however, and the Ninth Circuit has consistently interpreted the Supreme Court's opinion in *Chambers v. Mississippi* to establish the basis for a cumulative-error claim.[43] I am bound by the Ninth Circuit's interpretation, so I find that Mullner's cumulative-error claim is cognizable.

**D.     The court defers deciding whether ground 2A is procedurally defaulted.**

Respondents ask the court to dismiss ground 2A as unexhausted or procedurally defaulted.[44] A state prisoner who fails to comply with state-law procedural requirements in presenting his claims in state court is barred by the adequate-and-independent-state-ground doctrine from obtaining a writ of habeas corpus in federal court.[45] If such a procedural default constitutes an adequate and independent state ground for denial of habeas corpus, the default may be excused only if "a constitutional violation has probably resulted in the conviction of one who is actually innocent" or if the prisoner demonstrates cause for the default and prejudice resulting from it.[46] Lacking state postconviction counsel may serve as cause with respect to a

---

[42] *Id.* at 15.

[43] *See Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) ("The Supreme Court has clearly established that the combined effect of multiple trial-court errors violates due process where it renders the resulting criminal trial fundamentally unfair." (cleaned up) (quoting *Chambers v. Mississippi*, 410 U.S. 284, 298 (1973)); *see also, e.g., Michaels v. Davis*, 51 F.4th 904, 935 (9th Cir. 2022) (analyzing cumulative-error claim on habeas review); *Noguera v. Davis*, 5 F.4th 1020, 1051 (9th Cir. 2021) (same).

[44] ECF No. 61 at 13–14.

[45] *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991) ("Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance.").

[46] *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

8

claim of ineffective assistance of trial counsel.[47]  And to demonstrate prejudice, a petitioner must show that the errors complained of "worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension."[48]

      Mullner acknowledges that he did not raise ground 2A in state court.  He instead argues that it is technically exhausted and procedurally defaulted because, if he raised it now, it would be barred by the state courts as untimely and successive.[49]  But he insists that he can show cause and prejudice to overcome that default.  The cause prong is met, he argues, because he lacked postconviction counsel at the state level.[50]  And he argues that this claim is substantial because, had plea counsel investigated Mullner's mental-health issues, he "could have expressly refuted the state's claim that Mullner could not be rehabilitated" which could have swayed the court to impose a shorter sentence.[51]  Because the question of procedural default is intertwined with the underlying merits of the claim, a full merits briefing may assist with my determination, and waiting until that briefing has been completed to address this question would best serve judicial efficiency.  So I defer a decision on whether ground 2A is procedurally defaulted from federal review.

---

[47] *Martinez v. Ryan*, 566 U.S. 1, 17 (2012).

[48] *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U.S. 152, 170 (1982)).

[49] ECF No. 65 at 13–14.  *See also Woodford v. Ngo*, 548 U.S. 81 (2002) (state court remedies are "exhausted" when they are "no longer available, regardless of the reason for their unavailability").

[50] ECF No. 65 at 14.

[51] *Id*. at 14–15.

**Conclusion**

IT IS THEREFORE ORDERED that respondents' motion to dismiss **[ECF No. 61] is DENIED**.

IT IS FURTHER ORDERED that a decision on whether ground 2A is procedurally defaulted is deferred to the merits review.

IT IS FURTHER ORDERED that respondents have until **October 22, 2024**, to file an answer to the second amended petition. The answer must contain all substantive and procedural arguments for all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254. Petitioner will then have 30 days from the date of service of respondents' answer to file a reply.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: August 23, 2024